FILED
2013 Aug-22  AM 09:27
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | | |
|---|---|---|
| TYRONE LEVET MALONE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 5:12-CV-514-LSC |
| | ) | |
| CAROLYN COLVIN, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

MEMORANDUM OF OPINION

I.    Introduction

The plaintiff, Tyrone L. Malone, appeals from the decision of the Commissioner of the Social Security Administration ("Commissioner") denying his application for a period of disability, Supplemental Security Income ("SSI") and Disability Insurance Benefits ("DIB"). Mr. Malone timely pursued and exhausted his administrative remedies and the decision of the Commissioner is ripe for review pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3).

Mr. Malone was thirty-eight years old at the time of the Administrative Law Judge's ("ALJ's") decision, and he has a twelfth grade education with a certificate of completion. (Tr. at 158.) His past work experience includes employment as a house parent, production inspector, security guard, and bakery worker. (Tr. at 61-62.) Mr.

Malone claims that he became disabled on April 30, 2009, due to degenerative disc disease at L5-S1. (Tr. at 21.)

When evaluating the disability of individuals over the age of eighteen, the regulations prescribe a five-step sequential evaluation process. *See* 20 C.F.R. §§ 404.1520, 416.920; *see also Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001). The first step requires a determination of whether the claimant is "doing substantial gainful activity." 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If he or she is, the claimant is not disabled and the evaluation stops. *Id.* If he or she is not, the Commissioner next considers the effect of all of the physical and mental impairments combined. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). These impairments must be severe and must meet the durational requirements before a claimant will be found to be disabled. *Id.* The decision depends on the medical evidence in the record. *See Hart v. Finch*, 440 F.2d 1340, 1341 (5th Cir. 1971). If the claimant's impairments are not severe, the analysis stops. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). Otherwise, the analysis continues to step three, which is a determination of whether the claimant's impairments meet or equal the severity of an impairment listed in 20 C.F.R. pt. 404, Subpart P, Appendix 1. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the claimant's impairments fall within this category, he or she

will be found disabled without further consideration. *Id*. If they do not, a determination of the claimant's residual functional capacity ("RFC") will be made and the analysis proceeds to the fourth step. 20 C.F.R. §§ 404.1520(e), 416.920(e).

The fourth step requires a determination of whether the claimant's impairments prevent him or her from returning to past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant can still do his or her past relevant work, the claimant is not disabled and the evaluation stops. *Id*. If the claimant cannot do past relevant work, then the analysis proceeds to the fifth step. *Id*. Step five requires the court to consider the claimant's RFC, as well as the claimant's age, education, and past work experience in order to determine if he or she can do other work. 20 C.F.R. §§ 404.1520(a)(4)(v) 416.920(a)(4)(v). If the claimant can do other work, the claimant is not disabled. *Id*.

Applying the sequential evaluation process, the ALJ found that Mr. Malone meets the insured status requirements of the Social Security Act through December 31, 2013. (Tr. at 21.) She further determined that Mr. Malone has not engaged in substantial gainful activity since the alleged onset of his disability. (*Id*.) According to the ALJ, Plaintiff's degenerative disc disease at L5-S1 is considered "severe" based on the requirements set forth in the regulations. (*Id*.) However, the ALJ concluded

that this impairment, alone and/or in combination, neither meets nor medically equals any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. at 22.) The ALJ did not find Mr. Malone's allegations to be totally credible. (Tr. at 23.) The ALJ determined that Mr. Malone has the following residual functional capacity: "to perform light work as defined in 20 CFR §§ 404.1567(b) and 416.967(b). Function by function, the claimant is able to occasionally lift up to 20 pounds and frequently lift up to 10 pounds.  The claimant must change positions for one-to-two minutes every hour." (Tr. at 23-24.)

According to the ALJ, Mr. Malone is able to perform his past relevant work as a production inspector and security guard, as this work does not require the performance of work related activities precluded by the claimant's residual functional capacity. (Tr. at 26.) The ALJ concluded her findings by stating that Plaintiff "was not under a 'disability,' as defined in the Social Security Act, at any time through the date of this decision." (*Id.*)

II.    Standard of Review

This Court's role in reviewing claims brought under the Social Security Act is a narrow one. The scope of its review is limited to determining (1) whether there is substantial evidence in the record as a whole to support the findings of the

Commissioner, and (2) whether the correct legal standards were applied. *See Richardson v. Perales*, 402 U.S. 389, 390, 401 (1971); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002). The Court approaches the factual findings of the Commissioner with deference, but applies close scrutiny to the legal conclusions. *See Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996). The Court may not decide facts, weigh evidence, or substitute its judgment for that of the Commissioner. *Id.* "The substantial evidence standard permits administrative decision makers to act with considerable latitude, and 'the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence.'" *Parker v. Bowen*, 793 F.2d 1177, 1181 (11th Cir. 1986) (Gibson, J., dissenting) (quoting *Consolo v. Fed. Mar. Comm'n*, 383 U.S. 607, 620 (1966)). Indeed, even if this Court finds that the evidence preponderates against the Commissioner's decision, the Court must affirm if the decision is supported by substantial evidence. *Miles*, 84 F.3d at 1400. No decision is automatic, however, for "despite this deferential standard [for review of claims] it is imperative that the Court scrutinize the record in its entirety to determine the reasonableness of the decision reached." *Bridges v. Bowen*, 815 F.2d 622, 624 (11th Cir. 1987). Moreover, failure to apply the correct legal standards is grounds for reversal. *See Bowen v. Heckler*, 748 F.2d

629, 635 (11th Cir. 1984).

III.    Discussion

Mr. Malone argues that the ALJ's decision should be reversed and remanded for three reasons. First, Plaintiff believes that the ALJ only considered a single impairment as severe, rather than considering his impairments in combination. Second, Plaintiff believes that the opinion of the non-examining state agency single decision-maker does not constitute substantial evidence to support the ALJ's RFC assessment.    Finally, Plaintiff contends that the Appeals Council did not give sufficient consideration to additional evidence he submitted after the ALJ's decision and that the additional evidence would render the denial of benefits erroneous.

A.    Failure to Find Additional Severe Impairments

Plaintiff contends that the decision of the ALJ should be reversed and remanded to "consider all established 'severe' impairments in making the disability determination." (Doc. 8 at 7.) In reaching her disability determination, the ALJ concluded that the plaintiff suffered a single "severe" impairment—degenerative disc disease at L5-S1. (Tr. at 21.)  Though the plaintiff admits that the ALJ addressed his other medical problems of diabetes mellitus, obstructive sleep apnea, and morbid obesity, Plaintiff argues that the ALJ should have concluded that these additional

problems were also severe in her step-two finding.

The ALJ must consider the combined effect of all impairments in the assessing of the claimant's disability. *Walker v. Bowen*, 826 F.2d 996, 1001 (11th Cir. 1987). A plaintiff should be considered in the whole and not evaluated in the abstract as having several hypothetical and isolated illnesses. *Davis v. Shalala*, 985 F.2d 528, 532-33 (11th Cir. 1993). Importantly, however, "[n]othing requires that the ALJ must identify, at step two, all of the impairments that should be considered severe," provided the ALJ considered the claimant's impairments in combination. *Heatly v. Comm'r of Soc. Sec.*, 382 F. App'x 823, 825 (11th Cir. 2010).

Here, as Plaintiff admits, the ALJ considered all of Plaintiff's impairments in evaluating his claim, including in assessing his RFC. (Tr. at 21-25.) Indeed, the ALJ sufficiently considered the combined effects of the plaintiff's impairments at steps three and four of the assessment process. (Tr. 21-26.) At step three, the ALJ assessed that "[t]he claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments." (*Id*. at 22) (emphasis added). She specifically discussed Plaintiff's arthritis, degenerative disc disease, diabetes, and obesity. (*Id*.) Notably, the ALJ's finding at step three that Plaintiff did not have an "impairment or combination of impairments" that met or equaled a listed

impairment has been held by the Eleventh Circuit to be sufficient to show that the ALJ considered the combined effect of Plaintiff's impairments. *See Hutchinson v. Astrue*, 408 F. App'x 324, 327 (11th Cir. 2011); *Wilson v. Barnhart*, 284 F.3d 1219, 1224-1225 (11th Cir. 2002). At step four, the ALJ made her assessment "[a]fter careful consideration of the entire record." (*Id.*) Further, the ALJ "considered all symptoms and the extent to which these symptoms" could reasonably be construed as consistent with the objective medical evidence. (*Id.*) Thus, this Court finds that the ALJ's findings are sufficient to establish that the ALJ properly considered the combined effects of all impairments. *See, e.g., Wilson*, 284 F.3d at 1224-25.

Moreover, the Eleventh Circuit has held that "[e]ven if the ALJ erred in not indicating whether [a condition] was a severe impairment, the error was harmless because the ALJ concluded that [the claimant] had a severe impairment; and that finding is all that step two requires." *Heatly*, 382 F. App'x at 824-25. The essential question is the extent to which Plaintiff's impairments limited his ability to work during the relevant period. *See Moore v. Barnhart*, 405 F.3d 1208, 1213 n.6 (11th Cir. 2005). After reviewing the evidence, the ALJ found that Plaintiff had the RFC to perform a range of light work. (Tr. at 22-23.) *See* 20 C.F.R. §§ 404.1567(b), 416.967(b) (defining light work). Plaintiff failed to prove he had additional severe

impairments or that his impairments—whether severe or not severe, alone or in combination—caused additional limitations on his ability to work during the relevant period.

        B.      Weight Given to the Non-Examining State Agency Single Decision-maker's Physical RFC Assessment

Plaintiff next contends that the ALJ improperly accepted the physical RFC assessment form submitted by S. Heather O'Neal, a non-examining state agency single decision-maker ("SDM"). Federal law permits states to test modifications to the disability determination process. *See* 20 C.F.R. § 404.906. As part of an experiment to expedite the processing of applications, SDMs may make initial disability determinations in Alabama without the signature of a medical consultant. *See* Modifications to the Disability Determination Procedures; Extension of Testing of Some Disability Redesign Features, 71 Fed. Reg. 45890, 2006 WL 2283653 (Aug. 10, 2006); 20 C.F.R. § 404.906. In this case, the SDM concluded in a physical RFC assessment form that Plaintiff could perform a full range of light work. (Tr. at 455-62.) It is the Commissioner's policy that SDM-completed forms are not opinion evidence and, upon appeal from an initial denial, are entitled no weight. *See* Program Operations Manual System (POMS) DI 24510.05, 2001 WL 1933365. Despite this policy, Plaintiff points out that the ALJ treated the SDM's assessment as an opinion

by a state agency medical consultant and expressly gave it significant weight in assessing Plaintiff's RFC.  (Tr. at 25, 66.)  Plaintiff claims that because the SDM was a non-medical source, the ALJ's RFC assessment, to the extent it was based on the SDM's RFC assessment, was improper.

Although the ALJ erroneously characterized Ms. O'Neal as a physician when she is actually a SDM, any error was harmless and does not require remand. This is because the RFC ultimately assessed by the ALJ was more restrictive than the SDM's opinion, and it is supported by other substantial evidence in the record as discussed by the ALJ. (Tr. at 21-25).  *See Graham v. Apfel*, 129 F.3d 1420 1423 (11th Cir. 1997); *Castel v. Astrue*, 355 F. App'x 260, 265-66 (11th Cir. 2009) (concluding ALJ did not err in referring to a report that may have been completed by a SDM where the ALJ did not place great weight on the report, the report merely confirmed the objective medical evidence, and thus any error was harmless); *Diorio v. Heckler*, 721 F.2d 726, 728 (11th Cir. 1983) (applying the harmless error doctrine to an ALJ's determination in a social security case).

The ALJ's decision shows that she did not base any part of her RFC assessment that Plaintiff could perform light work solely on the SDM's assessment, but rather on review of the whole record. (Tr. at 21-25.)  For example, the ALJ noted that Plaintiff

sought treatment from Shawn N. Gentry for various complaints including back pain. (Tr. at 304-21.) Dr. Gentry treated Plaintiff conservatively, prescribing medication and recommending back exercises. (Tr. at 304.) *See* 20 C.F.R. §§ 404.1527(d)(2)(ii), 416.927(d)(2)(ii); *Wolfe v. Chater*, 86 F.3d 1072, 1078 (11th Cir. 1996) (ALJ property noted claimant's conservative treatment as evidence discrediting claimant's allegations). The ALJ further noted that on August 4, 2009, despite complaints of back pain after a fall, Plaintiff exhibited negative straight leg raise test, normal motor and sensation examination, normal reflexes, no pedal edema, and equal pulses. (Tr. at 24, 391.) Additionally, the ALJ noted that by Plaintiff's own admission, he is capable of attending church functions, going grocery shopping, and visiting friends. (Tr. at 23, 173-74.) The ALJ discussed Plaintiff's medical records extensively and accorded significant weight to the SDM's decision "*because it is consistent with the objective medical evidence.*" (Tr. at 25) (emphasis added). Therefore, requiring remand for the ALJ to formulate the RFC without considering the SDM's opinion would not result in a different RFC. *See N.L.R.B. v. Wyman-Gordon, Co.*, 394 U.S. 759, 766 n.6 (1969) (when "remand would be an idle and useless formality," courts are not required to "convert judicial review of agency action into a ping-pong game").

Nor is the ALJ's RFC determination somehow flawed because the record does

not contain an assessment of Plaintiff's physical limitations by a physician. In *Langley v. Astrue*, 777 F. Supp. 2d 1250 (N.D. Ala. 2011), which involved a SDM at the state agency level, the plaintiff argued that the Commissioner's regulations were violated because a state agency medical consultant did not review the medical evidence at the state agency level. *Id.* at 1260. However, the court held that "[t]he Commissioner's regulations do not require the ALJ to base his RFC finding to include such an opinion on RFC assessment from a medical source. Therefore, the failure to include such an opinion at the State agency level does not render the ALJ's RFC assessment invalid." *Id.* at 1261. The court also rejected the plaintiff's argument that Eleventh Circuit law requires an RFC assessment from a physician in order for the ALJ to deny benefits. *See id.* at 1257-58 (citing *Green v. Commissioner of Soc. Sec.*, 223 F. App'x 915, 923-24 (11th Cir. 2007) (holding that other evidence from the plaintiff's physicians, which did not contain an RFC assessment, sufficiently supported the ALJ's finding that the plaintiff could perform light work).

In sum, even assuming the ALJ's reliance on the SDM's assessment was error, any such error was harmless and does not require remand because the ALJ's RFC physical finding, which is more restrictive than the SDM's assessment, is still supported by substantial evidence of record. *See Graham*, 129 F.3d at 1423.

C.     Additional Evidence Submitted to the Appeals Council

After the ALJ's decision, Plaintiff submitted evidence to the Appeals Council ("AC") consisting of a psychological evaluation from Dr. Jon G. Rogers, Ph.D., dated August 2, 2011. (Tr. at 566-69.) Dr. Rogers administered to the plaintiff the Wechsler Adult Intelligence Scale—III and conducted a mental status examination and interview. (*Id.*) While there was no Axis I psychiatric diagnosis, Dr. Rogers did note that psychometric testing (valid) identified the Plaintiff as mildly mentally retarded with a verbal IQ of 72, a performance IQ of 67 and a full scale IQ of 67. (Tr. at 567-68.) Plaintiff challenges the decision of the AC to deny review of his case despite his submission of this additional evidence. (Doc. 8 at 7.) Plaintiff claims that the AC did not properly consider his additional evidence and that, when added to the record as a whole, this new evidence renders the Commissioner's decision erroneous. (*Id.*)

The first question is whether the AC gave adequate consideration to the plaintiff's additional evidence. The AC "must consider new, material, and chronologically relevant evidence and must review the case if the ALJ's actions, findings, or conclusions are contrary to the weight of the evidence currently of record." *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1261 (11th Cir. 2007). *See also* 20 C.F.R. § 404.970 ("The Appeals Council shall evaluate the entire record

including the new and material evidence submitted if it relates to the period on or before the date of the administrative law judge hearing decision."). If the AC refuses to consider new evidence submitted by the plaintiff and denies review, its decision is subject to judicial review because it was an error of law. *Barclay v. Comm'r of Soc. Sec. Admin.*, 274 F. App'x 738, 743 (11th Cir. 2008) (citing *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994)). When reviewing the AC's denial of review the Court must "look at the pertinent evidence to determine if the evidence is new and material, the kind of evidence the AC must consider in making its decision whether to review an ALJ's decision." *Falge v. Apfel*, 150 F.3d 1320, 1324 (11th Cir. 1998).

In this case, the AC gave at least some consideration to Plaintiff's new evidence. The AC stated that it considered both the reasons Plaintiff disagreed with the ALJ's decision and his additional evidence, but found that none of this information provided a basis for changing the ALJ's decision. (Tr. at 1-2.) Therefore, the AC did not err by failing to consider the new evidence presented by Plaintiff.

Plaintiff, however, claims that the new evidence indicates that he has "diminished intellectual functioning," that it creates an "alternative basis for reversing the Commissioner's decision," as it shows that his impairments meet or

equal section 12.05C of the Listing of impairments. (Doc. 8 at 7.) The Eleventh Circuit has held that "when a claimant [has] properly present[ed] new evidence to the Appeals Council, a reviewing court must consider whether that new evidence renders the denial of benefits erroneous." *Ingram*, 496 F.3d at 1262.

As an initial matter, the evidence is not chronologically relevant to the ALJ's decision.  As stated previously, "[t]he Appeals Council shall consider the additional evidence only where it relates to the period on or before the date of the administrative law judge hearing decision." 20 C.F.R. § 416.1470(b). The evidence submitted is a psychological evaluation performed by Dr. Jon G. Rogers, Ph.D., on August 2, 2011, over six months after the ALJ's decision. (Tr. at 565-69.) *See Ingram*, 496 F.3d at 1261; *see also Wilson*, 179 F.3d at 1279. Plaintiff has not shown how the evidence submitted indicates that Plaintiff had disabling limitations on or before the ALJ's January 21, 2011, decision.  (*Id.*)

Even assuming the evidence was chronologically relevant, the entire record, including the new evidence, does not render the denial of benefits erroneous.  Plaintiff claims that the new evidence establishes that his impairments meet or equal section 12.05C of the Listing of Impairments.  *See* 20 C.F.R. pt. 404, subpt. P, app. 1, 12.05. Plaintiff, however, failed to meet his burden of showing that his impairments meet or

equal all of the relevant criteria of Listing 12.05. *See* 20 C.F.R. 404.1520(a)(4), (d), 416.920(a)(4)(iii), (d); *Doughty v. Apfel*, 245 F.3d 1274, 1278(11th Cir. 2001). To be considered for disability benefits under section 12.05, plaintiff has the burden of proving his impairments "meet" or "equal" a listing. *See* 20 C.F.R. 404, subpt. P, app. 1, 12.00A, 12.05, 404.1520(a)(4)(iii), (d), 416.920(a)(4)(iii), (d); *see Doughty*, 245 F.3d at 1278. To "meet" a Listing, a plaintiff must have a diagnosis included in the Listings and provide medical documentation meeting specific criteria and duration requirement. *Id.* To "equal" a Listing, the diagnosis must "at least equal in severity and duration to the listed findings." *Id.* To be considered disabled for disability benefits under section 12.05, a plaintiff must equal the threshold requirements of the diagnostic description of mental retardation, as follows: (1) have significantly sub-average general intellectual functioning; (2) have deficits in adaptive behavior; and (3) have manifested deficits in adaptive behavior before age 22. *See* 20 C.F.R. 404, subpt. P, app. 1, 12.00A, 12.05; *see Crayton v. Callahan*, 120 F.3d 1217, 1219 (11th Cir. 1997). In addition to this introductory material, one of four sets of criteria (A-D) must be equaled to find that an impairment meets the listing. *See* 20 C.F.R. 404, subpt. P, app. 1, 12.05. Subsection C requires, "[a] valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and

significant work-related limitation of function." *Id.*

Contrary to Plaintiff's arguments, the record provides substantial evidence that Plaintiff's impairments did not equal all of the relevant criteria of Listing 12.05. Although the evidence may indicate Plaintiff satisfied the requirements of subsection C, he failed to show that his impairments met or equaled the threshold requirement of the diagnostic description of mental retardation in Listing 12.05. *See* 20 C.F.R. pt. 404, subpt. P, app. 1, §§ 12.00A, 12.05.  The evidence from doctors who examined or treated Plaintiff for his physical impairments does not indicate that Plaintiff had mental problems that could equate with the deficits required by Listing 12.05, and none of the records indicates he had deficits prior to age 22.  (Tr. at 245-49, 257-59, 288-92, 295-98, 304-21, 325-26, 330-40, 342-58, 364-67, 369-91, 393-99, 405-08, 423-29, 433-36, 443-54, 464-77, 482-83, 489-503, 505-07, 520-34, 536-64.)  Though the doctors did not specifically assess Plaintiff's mental condition, one can reasonably assume that if Plaintiff had mental problems that could possibly equate with a disabling criteria in Listing 12.05, there would have been some mention of deficits in adaptive functioning. Further, Plaintiff's ability to perform semi-skilled work as a house parent and a security guard undermines his claim of deficits in adaptive functioning before age 22. (Tr. at 61.) The absence of any suggestion of noteworthy mental deficits or

limitations provides substantial evidence to support the ALJ's finding that Plaintiff's condition did not equal Listing 12.05. *See Sullivan v. Zebley*, 493 U.S. 521, 531 (1990); *Wilkinson v. Bowen*, 847 F.2d 660, 662 (11th Cir. 1987).

Moreover, although the additional evidence submitted to the AC indicated that Plaintiff was functioning with a full scale IQ of 67 on the Wechsler Adult Intelligence Scale, (*id*. at 567-68), a valid IQ score is not necessarily conclusive of mental retardation, where the IQ score is inconsistent with other evidence in the record concerning the plaintiff's daily activities and behavior. *See, e.g., Henry v. Barnhart*, 156 F. App'x 171, 173 (11th Cir. 2005) (finding that, although the plaintiff's testing scores fell within the necessary range to meet the section requirements, substantial evidence supported the ALJ's findings). Here, although the plaintiff did attend special learning disability classes in high school, he graduated with a certificate of completion and has worked in a variety of fields that include children's care and work as a technician. (Tr. at 566.) Plaintiff has also worked in his home by cooking meals and paying the bills, all while able to socialize with family and play cards. (*Id*. at 567.) Additionally, Dr. Rogers noted that Plaintiff was shrewd, calculating, worldly, and capable of "maintaining a routine work cycle." (*Id*. at 568.) Plaintiff's new evidence of a slight diminished intellectual functioning does not undermine the ALJ's

determination that the plaintiff can perform light work. This Court in reviewing the additional evidence finds that it does not render the denial of benefits erroneous, as it is inconsistent with other evidence in the record concerning the plaintiff's daily activities and behavior.  Plaintiff failed to show that his impairments equaled the threshold requirements of the diagnostic description of mental retardation. *See* 202 C.F.R. pt. 404, subt. P, app. 1, §§ 12.00A, 12.05.

IV.    Conclusion

Upon review of the administrative record, and considering all of Mr. Malone's arguments, the Court finds the Commissioner's decision is supported by substantial evidence and in accord with the applicable law. A separate order will be entered.

Done this 22nd day of August 2013.

L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE
[160704]